Don Bivens (AZ Bar No. 005134)
Email: don@donbivens.com
Teresita T. Mercado (AZ Bar No. 020578)
Email: teresita@donbivens.com
**DON BIVENS, PLLC**
15169 N. Scottsdale Road, Suite 205
Scottsdale, Arizona, 85254
Telephone: (602) 762-2661

**SMITH KRIVOSHEY, PC**
Joel D. Smith (*pro hac vice* to be filed)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (*pro hac vice* to be filed)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Milan, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| SFM, LLC, a Delaware limited liability company, | |
| Defendant. | |

Plaintiff Ralph Milan ("Plaintiff"), on behalf of himself and all others similarly situated, brings this class action against Defendant SFM, LLC ("Sprouts" or "Defendant") based on Sprouts' false and deceptive advertising and labeling of its Avocado Oil Products. Plaintiff makes the following allegations based on the investigation of his counsel, and on information and belief, except as to allegations pertaining to Plaintiff individually, which are based on his personal knowledge.

## INTRODUCTION

1.      During the statute of limitations period, Sprouts has marketed, labeled, advertised, and sold Sprouts brand Avocado Oil (the "Class Products") to consumers.

2.      The packaging of the Class Products unequivocally states that the oil is "Avocado Oil" (the *Avocado Oil Representation*").

3.      Reasonable consumers believe, based on the *Avocado Oil Representation*, that the Class Products are pure avocado oil, meaning that the only ingredient in the Class Products is avocado oil. However, unbeknownst to consumers, the Class Products are adulterated with other oils.

4.      Plaintiff seeks relief in this action individually, and on behalf of all other similarly situated individuals who purchased the falsely and deceptively labeled Class Products during the statute of limitations period, for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*, California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, breach of express and implied warranty (Cal. Com. Code §§ 2313-2314), and intentional misrepresentation (i.e., common law fraud).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000, and there is diversity of citizenship between some members of the proposed Classes and Sprouts.

CLASS ACTION COMPLAINT                                                                                        1

Sprouts' sole member is Sprouts Farmers Markets Holdings, LLC. The sole member of Sprouts Farmers Markets Holdings, LLC is Sprouts Farmers Markets, Inc., an entity incorporated in Delaware with its principal place of business in Arizona.

6.      This Court has personal jurisdiction over Sprouts because Sprouts' headquarters and principal place of business is located at 5455 E. High Street, Suite 111, Phoenix, Arizona 85054.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Sprouts is a resident of Arizona.

## **PLAINTIFF**

8.      Plaintiff is a citizen and resident of the United States and the State of California. He currently resides in Santa Ana, California.

9.      Plaintiff purchased the Class Products while residing in California from a Sprouts near his residence in Santa Ana within the past three years. Plaintiff saw and relied on the *Avocado Oil Representation* in making his purchase. Plaintiff reasonably believed, based on the *Avocado Oil Representation*, that he was purchasing pure avocado oil, meaning that the oil contained no other ingredients besides avocado oil. This belief was an important part of his decision to purchase the Class Product. Had Plaintiff known that the Class Product was adulterated avocado oil, he would not have purchased it, or he would have paid less for it. Thus, Plaintiff has suffered injury in fact and lost money as a result of Sprouts' misleading, false, unfair, and deceptive practices, as alleged herein.

10.     Plaintiff will be unable to rely on the Class Products' *Avocado Oil Representation* in the future, and so will be unable to purchase the Class Products in the future, although he would like to. However, Plaintiff remains interested in purchasing pure avocado oil products, intends on purchasing them in the future, and would consider purchasing Defendant's Class Products in the future if Defendant ensured that the *Avocado Oil Representation* was accurate and truthful.

11.    As a result of Sprouts' unlawful business practices, and the harm caused to Plaintiff and Class members, Sprouts should be required to pay for all damages and/or restitution. Monetary compensation alone is insufficient to remedy the ongoing harm that is being caused to Plaintiff, and Class members, who are unaware of Sprouts' deceptive conduct and will continue purchasing the Class Products, reasonably but incorrectly believing that they are purchasing pure avocado oil. As such, injunctive relief requiring Sprouts to cease its false and deceptive labeling practices with respect to the Class Products is necessary and appropriate.

## DEFENDANT

12.    Sprouts is a Delaware limited liability company with its headquarters and principal place of business in Phoenix, Arizona.

13.    Sprouts is a large supermarket chain that operates more than 380 stores nationwide.[1] Sprouts offers only "fresh, organic choices" and encourages customers to think of Sprouts as "all the very best parts of a real farmers market under one roof."[2]

14.    On its website, Sprouts provides articles and resources to customers that advertise their products. In a post entitled, "Which oil is best for cooking?" Sprouts notes that "[b]ecause avocados are difficult to process, the oil can be expensive, but the flavor and capabilities are worth the splurge."[3]

15.    Sprouts is directly involved in the manufacturing, sale, and distribution of Class Products, and is responsible for the advertising, marketing, trade dress, and packaging of the Class Products.  Sprouts developed, marketed, and sold the Class Products during the class period.

16.    Sprouts has labeled, advertised, distributed, and sold the Class Products during the statute of limitations period under its private label brand.

---

[1] https://about.sprouts.com/about/
[2] *Id.*
[3] https://www.sprouts.com/healthy-living/comparing-13-cooking-oils/

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FACTUAL ALLEGATIONS

**A.     The *Avocado Oil Representation* is False and Deceptive**

17.     The Class Products consist of Sprouts brand Avocado Oil.  The *Avocado Oil Representation* is prominently displayed on the front label in the same manner on all Class Products, as depicted in the following representative image:



18.     As seen in the above images, the *Avocado Oil Representation* conveys the unequivocal message that the Class Products are pure avocado oil and contain no other ingredients.

19.    Moreover, the front label depicts several avocados halved and sliced, furthering the effect of the *Avocado Oil Representation*.

20.    This message is further reinforced by the ingredient list on the Class Products' back label, which lists "avocado oil" as the only ingredient.

INGREDIENTS: AVOCADO OIL.

DISTRIBUTED BY:
SPROUTS FARMERS MARKET
PHOENIX, AZ 85054
SPROUTS.COM

21.    Sprouts does not disclose anywhere that the Class Products are adulterated with other oils. Thus, consumers reasonably believe the Class Products are pure avocado oil.

22.    The Class Products are not pure avocado oil. Based on Plaintiff's investigation, the Class Products are not pure avocado oil and are in fact adulterated. Thus, the claim is false and misleading.

**B.    The *Avocado Oil Representation* is Material**

23.    The *Avocado Oil Representation* is material—*i.e.*, it is important to consumers with respect to their decision to purchase the Class Products.

24.    Avocado oil is well-known to be one of the healthiest cooking oils. For example, studies have indicated that compounds in avocado oil may help protect the liver, lower blood pressure, LDL cholesterol, as well as reduce osteoarthritis-related joint pain, post-meal blood sugar, and total cholesterol levels.[4] It is also high in monounsaturated fat, which is considered more heart healthy than saturated fat while being slightly more stable than the polyunsaturated fats typically found in vegetable

---

[4] https://www.healthline.com/nutrition/9-avocado-oil-benefits#TOC_TITLE_HDR_4 (last visited on September 27, 2024).

oils.[5] Avocado oil is also a high demand cooking oil because it has the highest smoke point of all plant-based cooking oils.[6]

25.    Regardless of whether consumers believe avocado oil is superior to other oils, the issue of whether the Avocado oil is pure or is adulterated is material to reasonable consumers. For example, consumers may be allergic to, or have other reasons for not consuming, certain oils. Consumers of the Class Products reasonably expect to know what type of oil they are consuming.

26.    Consumers purchased, and continue to purchase, the Class Products in part because the *Avocado Oil Representation* conveys the unequivocal message that it is pure avocado oil. Plaintiff and Class members would have paid less for the Class Products, or would not have purchased them at all, if not for the *Avocado Oil Representation*. Therefore, Plaintiff and Class members have suffered a financial injury in the form of paying a price premium that the Class Products command in the market as a result of Sprouts' representations that the Class Products are pure avocado oil.

**D.    The Class Products are Not Pure Avocado Oil**

27.    On August 27, 2024, The Washington Post reported that "adulteration is rampant in the avocado oil industry, and many people are being misled by some of the nation's largest retail chains."[7]

28.    The article discussed, in detail, the findings of studies conducted by scientists at the University of California at Davis ("UC Davis"). This UC Davis study was published *Food Control*, an official scientific journal of the European Federation

---

[5] https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil (last visited on February 20, 2024).
[6] *Id.*
[7] Anahad O'Connor and Aaron Steckleberg, *Why your avocado oil may be fake and contain other cheap oils*, The Washington Post, https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/ (last visited Aug. 30, 2024).

of Food Science and Technology and the Internation Union of Food Science and Technology.[8, 9]

29.    The study revealed that the Class Products are not pure avocado oil, but are instead adulterated with "canola oil."[10] Canola oil, which is sold by Sprouts at $0.29/fluid ounce,[11] retails for significantly cheaper than the Class Products, which are sold by Sprouts at $0.50/fluid ounce.[12]

## CLASS ACTION ALLEGATIONS

30.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23, and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**Nationwide Class**

All natural persons who purchased at least one of the Class Products in the United States within the applicable statute of limitations period.

**California Class**

All natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period.

31.    Excluded from the Classes are the following individuals and/or entities: Sprouts and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Sprouts has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

---

[8]    Hilary S. Green and Selina C. Wang, *First report on quality and purity evaluations of avocado oil sold in the US*, 116 Food Control 107328 (Oct. 2020).
[9]    Hilary S. Green and Selina C. Wang, *Purity and quality of private labelled avocado oil*, 152 Food Control 109837 (Oct. 2023).
[10]    O'Connor and Steckleberg, *Why your avocado oil may be fake*, *supra*.
[11] https://shop.sprouts.com/product/27334/sprouts-organic-canola-oil
[12] https://shop.sprouts.com/product/64424/sprouts-avocado-oil

32.    Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether class certification is appropriate.

33.    Plaintiff is a member of both classes.

34.    <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Class Products are sold throughout the United States and the State of California. The number of individuals who purchased Class Product during the relevant time period is at least in the hundreds. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

35.    <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

        a.  Whether Sprouts misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Class Products;

        b.  Whether Sprouts' use of the challenged packaging, i.e., the *Avocado Oil Representation*, constituted false or deceptive advertising;

        c.  Whether Sprouts engaged in unfair, unlawful and/or fraudulent business practices;

        d.  Whether Sprouts' unlawful conduct, as alleged herein, was intentional and knowing;

        e.  Whether Plaintiff and the Classes are entitled to damages and/or restitution, and if so, in what amount;

        f.  Whether Plaintiff and the Classes are entitled to an injunctive relief;

g. Whether Plaintiff and the Classes are entitled to punitive damages, and if so, in what amount; and

h. Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

36. Sprouts has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff on behalf of the proposed Classes. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Sprouts' deceptive packaging and advertising of the Class Products. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of unlawful conduct. Each Class member has been exposed to the same deceptive practice, as the packaging of Class Products: (a) bears the same material *Avocado Oil Representation*, and (b) the Class Products do not meet this representation of fact. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

37. Superiority: Because of the relatively small damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

38. Typicality: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Sprouts' uniform unlawful conduct as alleged herein.

39. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of

the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in similar class action litigation. The interests of the members of the Classes will be fairly and adequately protected by the Plaintiff and his counsel.

40.    Sprouts has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

## FIRST CLAIM FOR RELIEF

**Violation of California's False Advertising Law**
**California Business & Professions Code § 17500, *et seq***
**(*For all Classes*)**

41.    Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

42.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Sprouts pursuant to California's False Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

43.    The FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

44.    Sprouts has represented and continues to represent to the public, including Plaintiff and members of the proposed Classes, through its deceptive packaging, that the Class Products are pure avocado oil. Because Sprouts has disseminated misleading information regarding the Class Products, and Sprouts

1   knows, knew, or should have known, through the exercise of reasonable care, that the

2   *Avocado Oil Representation* is false and misleading, Sprouts has violated the FAL.

3       45.    As a result of Sprouts' false advertising, Sprouts has and continues to

4   unlawfully obtain money from Plaintiff and members of both Classes. Plaintiff

5   therefore requests that the Court cause Sprouts to restore this fraudulently obtained

6   money to his and members of the proposed Classes, to disgorge the profits Sprouts

7   made on these transactions, and to enjoin Sprouts from violating the FAL or violating

8   it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and

9   members of the proposed Classes may be irreparably harmed and/or denied an

10  effective and complete remedy.

11      46.    Plaintiff and members of the proposed Classes have no adequate remedy

12  at law and are therefore entitled to restitution, disgorgement, and/or the imposition of

13  a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other

14  sums as may be just and equitable.

### SECOND CLAIM FOR RELIEF

**Violation of California's Unfair Competition Law ("UCL"),
California Business & Professions Code § 17200*, et seq.*
(*For all Classes*)**

19      47.    Plaintiff incorporates by reference and re-alleges herein the allegations

20  contained in all preceding paragraphs of this complaint.

21      48.    Plaintiff brings this claim individually and on behalf of the members of

22  the proposed Classes against Sprouts.

23      49.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part,

24  that "unfair competition shall mean and include unlawful, unfair or fraudulent business

25  practices and unfair, deceptive, untrue or misleading advertising . . . ".

26      50.    Under the UCL, a business act or practice is "unlawful" if it violates any

27  established state or federal law. Sprouts' false and misleading advertising of Class

Products was and continues to be "unlawful" because it violates, *inter alia*, the CLRA and the FAL, as alleged herein. As a result of Sprouts' unlawful business acts and practices, Sprouts has unlawfully obtained money from Plaintiff, and members of the proposed Classes.

51.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct offends an established public policy, or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Sprouts' conduct was and continues to be of no benefit to purchasers of the Class Products, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the packaging. Deceiving consumers into believing the Class Products are pure avocado oil, when they are not, is of no benefit to consumers. Therefore, Sprouts' conduct was and continues to be "unfair." As a result of Sprouts' unfair business acts and practices, Sprouts has and continues to unfairly obtain money from Plaintiff, and members of the proposed Classes.

52.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Sprouts' conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing Class Products are pure avocado oil. Because Sprouts misled Plaintiff and members of both Classes, Sprouts' conduct was "fraudulent." As a result of Sprouts' fraudulent business acts and practices, Sprouts has and continues to fraudulently obtain money from Plaintiff and members of the proposed Classes.

53.    Plaintiff requests that the Court cause Sprouts to restore this unlawfully, unfairly, and fraudulently obtained money to her, and members of the proposed Classes, to disgorge the profits Sprouts made on these transactions, and to enjoin Sprouts from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the proposed Classes may be irreparably harmed and/or denied an effective and complete remedy.

CLASS ACTION COMPLAINT

54.    Plaintiff and members of the proposed Classes have no adequate remedy at law and are therefore entitled to restitution, disgorgement, and/or the imposition of a constructive trust to recover the amount of Defendant's ill-gotten gains, and/or other sums as may be just and equitable.

## **THIRD CLAIM FOR RELIEF**

**Violation of California's Consumers Legal Remedies Act
California Civil Code § 1750, *et seq*.
(*For the Nationwide Class and California Class*)**

55.    Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

56.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Sprouts pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*

57.    The Class Products are a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Class Product by Plaintiff and members of the California Class constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

58.    Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…" By marketing the Class Products with its current packaging, Sprouts has represented and continues to represent that the Class Products have characteristics (i.e., they are pure avocado oil) that they do not have. Therefore, Sprouts has violated section 1770(a)(5) of the CLRA.

59.    Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Class Products with their current packaging, Sprouts has represented and continues to represent that the Class

---

1    Products are of a particular standard, quality, or grade (i.e., they are pure avocado oil)

2    which they do not possess. Therefore, Sprouts has violated section 1770(a)(7) of the

3    CLRA.

4         60.    Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services

5    with intent not to sell them as advertised." By marketing the Class Products as pure

6    avocado oil, but not intending to sell Class Products as such (i.e., selling them with the

7    knowledge that they are adulterated), Sprouts has violated section 1770(a)(9) of the

8    CLRA.

9         61.    At all relevant times, Sprouts has known or reasonably should have

10   known that its *Avocado Oil Representation* on the Class Product's packaging is false

11   and deceptive, and that Plaintiff and other members of the California Class would

12   reasonably and justifiably rely on it when purchasing the Class Products. Nonetheless,

13   Sprouts persisted in making the *Avocado Oil Representation* on the Class Products'

14   labels to deceive consumers into believing they are buying and consuming pure

15   avocado oil.

16        62.    Plaintiff and members of the California Class have justifiably relied on

17   Sprouts' misleading *Avocado Oil Representation* when purchasing the Class Products.

18   Moreover, based on the materiality of Sprouts' misleading and deceptive conduct,

19   reliance may be presumed or inferred for Plaintiff and members of California Class.

20        63.    Plaintiff and members of the California Class have suffered and continue

21   to suffer injuries caused by Sprouts because they would have paid less for the Class

22   Products, or would not have purchased them at all, had they known that the *Avocado

23   Oil Representation* was false.

24        64.    Accordingly, Plaintiff, on behalf of himself and all other members of

25   the Class, seeks to enjoin the unlawful acts and practices described herein.

26        65.    On September 16, 2024, a CLRA demand letter was sent to Defendant's

27   headquarters and registered agent.  This letter provided notice of Defendant's

28

---

CLASS ACTION COMPLAINT

violation of the CLRA, for Plaintiff and the class, and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.

## FOURTH CLAIM FOR RELIEF

**Breach of Express Warranty**
**California Commercial Code § 2313**
(*For all Classes*)

66.     Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

67.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Sprouts.

68.     California's express warranty statute provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Cal. Com. Code § 2313.

69.     Sprouts has expressly warranted on the Class Products' packaging that they are pure avocado oil through the *Avocado Oil Representation*.

70.     This representation about the Class Products is: (a) an affirmation of fact or promise made by Sprouts to consumers that Class Products are pure avocado oil; (b) became part of the basis of the bargain to purchase the Class Products when Plaintiff and other consumers relied on the representation; and (c) created an express warranty that the Class Products would conform to the affirmation of fact or promise. In the alternative, the representation about the Class Products is a description of goods which were made as part of the basis of the bargain to purchase the Class Products, and which created an express warranty that the Class Products would conform to the Class Products' description.

CLASS ACTION COMPLAINT

71.    Plaintiff and members of the Classes reasonably and justifiably relied on the foregoing express warranties, believing that the Class Products did in fact conform to those warranties.

72.    Sprouts has breached the express warranties made to Plaintiff and members of the proposed Classes by failing to produce the Class Products in accordance with the *Avocado Oil Representation*, as expressly warranted on the packaging.

73.    Plaintiff and members of the proposed Classes paid a premium price for the Class Products but did not obtain the full value of the Class Products as represented. If Plaintiff and members of the proposed Classes had known of the true nature of the Class Products, they would not have been willing to pay the premium price charged in the market, or would not have purchased them at all. As a result, Plaintiff and members of the Classes suffered injury and deserve to recover all damages afforded under the law.

74.    Within a reasonable amount of time after Plaintiff discovered that Sprouts did in fact breach the express warranty, Plaintiff notified Sprouts of the breach.

## FIFTH CLAIM FOR RELIEF

### Breach of Implied Warranty
### California Commercial Code § 2314 (2)(f)
### (*For all Classes*)

75.    Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

76.    Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Sprouts.

77.    California's implied warranty of merchantability statute provides that "a warranty that the goods shall be merchantable is implied in a contract for their sale if

1    the seller is a merchant with respect to goods of that kind." Cal. Com.

2    Code § 2314(1).

3        78.    California's implied warranty of merchantability statute also provides

4    that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the

5    promises or affirmations of fact made on the container or label if any." Cal. Com.

6    Code § 2314(2)(f).

7        79.    Sprouts is a merchant with respect to the sale of the Class Products.

8    Therefore, a warranty of merchantability is implied in every contract for sale of the

9    Class Products to California consumers.

10       80.    By advertising the Class Products with its current packaging, Sprouts

11   made an implied promise that the Class Products are pure avocado oil. The Class

12   Products do not, however, "conform to the promises…made on the container or

13   label" because they are not pure avocado oil. Plaintiff, as well as consumers, did not

14   receive the goods as impliedly warranted by Sprouts to be merchantable.

15       81.    Therefore, the Class Products are not merchantable under California law

16   and Sprouts has breached its implied warranty of merchantability with respect to the

17   Class Products.

18       82.    If Plaintiff and members of the Classes had known that the Class

19   Products were not pure avocado oil, they would not have been willing to pay the

20   premium price associated with them, or would not have purchased them at all.

21   Therefore, as a direct and/or indirect result of Sprouts' breach, Plaintiff and members

22   of the Classes have suffered injury and deserve to recover all damages afforded under

23   the law.

24       83.    Within a reasonable amount of time after Plaintiff discovered that Sprouts

25   did in fact breach the implied warranty, Plaintiff notified Sprouts of the breach.

26

27

28

CLASS ACTION COMPLAINT

**SIXTH CLAIM FOR RELIEF**

**Intentional Misrepresentation**
(***For all Classes***)

84.     Plaintiff incorporates by reference and re-alleges herein the allegations contained in all preceding paragraphs of this complaint.

85.     Plaintiff brings this claim individually and on behalf of the members of the proposed Classes against Sprouts.

86.     Sprouts marketed the Class Products in a manner indicating that they are pure avocado oil when they are not. Therefore, Sprouts has made misrepresentations about the Class Products.

87.     The *Avocado Oil Representation* is material to a reasonable consumer because it relates to the quality, safety, utility, and healthfulness of the Class Products. A reasonable consumer attaches importance to such representations and is induced to act thereon in making purchasing decisions with respect to oil that is consumed – i.e., oil that is used for coking or consumed raw.

88.     At all relevant times, Sprouts knew that the *Avocado Oil Representation* was misleading. Sprouts intends for Plaintiff and other consumers to rely on the *Avocado Oil Representation,* as evidenced by Sprouts intentionally and conspicuously placing it on the packaging of the Class Products. In the alternative, Sprouts acted recklessly in making the *Avocado Oil Representation* without regard to the truth.

89.     Plaintiff and members of the proposed Classes have reasonably and justifiably relied on Sprouts' intentional misrepresentations (i.e., the *Avocado Oil Representation*) when purchasing the Class Products, and had the correct facts been known, would not have purchased them at prices at which they were sold in the market, or would not have purchased them at all.

90.     Therefore, as a direct and proximate result of Sprouts' intentional misrepresentations, Plaintiff and members of the Classes have suffered economic

losses and other general and specific damages, including but no limited to the amounts paid for the Class Products, and any interest that would have accrued on those monies, all in amount to be proven at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed Classes, respectfully prays for following relief:

A.    Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B.    A declaration that Sprouts' actions, as described herein, violate the laws described herein;

C.    An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Sprouts obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

D.    An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class members, including, *inter alia*, an order prohibiting Sprouts from engaging in the unlawful acts described above;

E.    An award of all economic, monetary, actual, consequential, and compensatory damages caused by Sprouts' conduct;

F.    An award of punitive damages;

G.    An award of nominal damages;

H    An award to Plaintiff and his counsel of reasonable expenses and attorneys' fees;

I.    An award to Plaintiff and the proposed Classes of pre and post-judgment interest, to the extent allowable; and

J.    For such further relief that the Court may deem just and proper.

---

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and the proposed Classes, hereby demands a jury trial with respect to all issues triable of right by jury.

Dated this 30th day of September, 2024.

**DON BIVENS, PLLC**

By: ___ s/ Teresita T. Mercado _____
        Don Bivens
        Teresita T. Mercado
        15169 N. Scottsdale Road, Suite 205
        Scottsdale, Arizona  85254

**SMITH KRIVOSHEY, PC**
Joel D. Smith (*pro hac vice* to be filed)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (*pro hac vice* to be filed)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com


*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Teresita T. Mercado,  declare as follows:

1.      I am an attorney at law licensed to practice in the State of Arizona and a member of the bar of this Court.  I am an attorney at Don Bivens PLLC, counsel of record for Plaintiff in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) because Defendant's principal place of business is in Maricopa County, which is in this District.  It is also proper for the additional reason that Defendant does business in Maricopa County, which is in this District.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct/

Executed on this 30th day of September, 2024.



_____s/ Teresita T. Mercado_____
Teresita T. Mercado

CLASS ACTION COMPLAINT

21